**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

JOHN YANNUCCI, #58038-054,

       Petitioner,

v.                                                ACTION NO. 2:08cv561

PATRICIA R. STANSBERRY,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. Petitioner alleges the Bureau of Prisons (BOP) failed to comply with the Second Chance Act of 2007, Publ L. No. 110-199 (2008), when computing his allowable time for placement in a Residential Re-Entry Center (RRC). The Court recommends the petition be DENIED and DISMISSED.

**I. STATEMENT OF THE CASE**

On May 10, 2007, Petitioner, John Yannucci, received a 33-month sentence in the United States District Court for the Southern District of New York for a racketeering conspiracy in violation of 18 U.S.C. § 1962(c). (Phillips Decl., Ex. 1 to Answer, ¶4.) He is presently in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution (Low) in Petersburg, Virginia ("FCI Petersburg") with a projected release date of December 2, 2009. Id.

On July 23, 2008, Yannucci's Unit Team at FCI Petersburg considered Yannucci for prerelease placement in an RRC. (Phillips Decl. ¶ 8.) The Unit Team completed a referral packet

on December 24, 2008, stating:

> Mr. Yannucci is being referred for Direct Home Confinement placement. Mr. Yannucci was reviewed under 18 USC 3621(b) : 1. There are available Residential Reentry Centers (RRC) in his release area; however, the unit team feels that Direct Home Confinement placement would better accommodate Mr. Yannucci's release needs. 2. The nature and circumstances of the offense indicate that Mr. Yannucci is eligible for Direct Home Confinement placement. There are no extenuating circumstances that would preclude placement. 3. The history and characteristics of the inmate are: he has not worked since 2001 due to sustaining a work related injury. Since his injury, he has been receiving Workers Compensation and Social Security Disability, which he will reapply for upon release. Mr. Yannucci intends to reside with his wife upon release and has the ability to pay for the home monitoring device(s). He does not intend on working upon release. Given these factors, the unity team feels that Mr. Yannucci is an appropriate candidate for Direct Home Confinement placement. 4. The Sentencing Court did not make any statement on the Judgment in a Criminal Case regarding RRC or Direct Home Confinement placement. 5. There is no pertinent policy by the Sentencing Commission.

(Phillips Decl. ¶ 9, Att. 2.) The Unit Team recommended Yannucci for direct home confinement for a period of six months. Id. On January 5, 2009, the referral packet was sent to the Community Corrections Office, which is responsible for overseeing contracts for community-based programs and for securing bed space for federal offenders serving their sentences in RRCs. Id. at ¶ 11. The Community Corrections Office makes the final determination regarding the RRC into which an inmate will be placed, and for how long. Id.

On January 13, 2009, the Community Corrections Office assigned Yannucci pre-release custody in a half-way house commencing June 9, 2009, with eligibility for home confinement on September 7, 2009. (Phillips Decl. ¶ 12, Att. 5.) The Community Corrections Office adopted the Unit Team's recommendation for the amount of time Yannucci should receive prerelease custody (six months), but modified his placement to begin in an RRC because the statute, Title 18 U.S.C.

§ 3624(c)(2)[1], limits how much time an inmate can serve in direct home confinement based on the length of the original sentence. Id. ¶12.

Yannucci filed administrative remedy requests at the Institutional and Regional Office levels, requesting twelve months placement in an RRC. (Pet. Exs. 1-9; Phillips Decl. ¶ 13, Att. 3.) Yannucci's requests were denied at each level. Id. Yannucci did not seek review of the RRC placement recommendation at the Central Office level. Id.

On November 24, 2008, Yannucci filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 29, 2009, Respondent filed an answer to the habeas petition.

**Grounds Alleged**

Petitioner asserts the BOP unlawfully computed his allowable time for placement in an RRC pursuant to Title 18 U.S.C. § 3624(c), and failed to promulgate rules instructing its personnel on how to implement the Second Chance Act of 2007. Petitioner is asking that the BOP reconsider him for placement in an RRC for twelve months.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The petition should be dismissed due to Yannucci's failure to fully exhaust his administrative remedies. However, even had Yannucci exhausted his administrative remedies, his petition lacks merit.

**A.     Exhaustion**

The Prison Litigation Reform Act of 1995 (PLRA) requires Yannucci to exhaust    all

---

[1]     The maximum period an inmate can be released to home confinement is "the shorter of 10 percent of the term of imprisonment of that prisoner or six months." 18 U.S.C. § 3624(c)(2). Based on Yannucci's 33-month sentence, he could only receive home confinement for approximately three months.

administrative remedies made available to him prior to filing his § 2241 petition in federal court. 42 U.S.C. § 1997e(a); See also Woodford v. Ngo, 548 U.S. 81, 88-89 (2006) (citing Mcart v. United States, 395 U.S. 185, 193 (1969)). Exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford, 548 U.S. at 90-91 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. Woodford, 548 U.S. at 88-103.

Yannucci did not complete the last step in the BOP's formal review process, and failed to properly exhaust his administrative remedies. The BOP's Administrative Remedy Program, set forth at 28 C.F.R. § 542.10, et seq., provides for an nonmandatory and informal resolution process within an inmate's Unit Team. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal resolution, he may institute a three-step formal review process beginning with a complaint to the Warden followed by appeals to the Regional Director and finally to the BOP's general counsel or "Central Office." 28 C.F.R. 542.13-15. Yannucci filed complaints with his Unit Team and with his Warden, and appealed his Warden's response to the Regional Director. (Pet. Exs. 1-9.) Yannucci did not appeal the Regional Director's response to the Central Office, the last step of the administrative remedy process, 28 C.F.R. § 542.15(a). (Phillips Decl. ¶ 13.) Instead, Yannucci filed his § 2241 petition in this Court on November 24, 2008.

Yanucci's explanation that he ran out of time to complete the administrative exhaustion process prior to filing his petition[2] is not a sufficient excuse for failing to exhaust his claims. Failure

---

[2] Yanucci states, "petitioner first presented his claim through the federal bureau administrative remedy process till time ran out to receive full benefit of requested results." (Petition at 8.) He further explains, "[f]or Petitioner to receive full benefit of potential remedy by Courts

4

to exhaust administrative remedies can only be excused upon a showing of cause and prejudice. See McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). Had Yannucci immediately filed his appeal to the Central Office, he would have received a response, at the latest, two days after he filed his § 2241 petition.[3] Instead, Yannucci let the deadline pass for filing his appeal to the Central Office, and then filed his § 2241 petition. See 28 C.F.R. § 542.15(a)(appeals to the Central Office must be made within thirty calendar days of the day the Regional Director signed the response). Yannucci failed to properly exhaust his administrative remedies, and his petition should be DENIED.

**B.    Merits**

Even if Yannucci was excused from exhausting his administrative remedies, his claims fail on the merits.[4] Yannucci argues the BOP has failed to fully implement the Second Chance Act, and asks to be reconsidered immediately for twelve months RRC placement under the statute. (Addendum to Pet. at 4.) Two statutes grant the BOP authority to place and transfer prisoners. 18 U.S.C. 3621 authorizes the BOP to designate where a federal inmate will be imprisoned. In making this determination, the BOP considers the following factors:

---

Petitioner's timeframe is barred from exercising his Central Office Appeal remedy because of the implementation of greater use of Community Corrections possibly authorized by the Court." (Mem. in Supp. of Pet.at 3.) Lastly, Yannucci asserts, "[b]ecause of the short timeframe, Petitioner cannot wait for the processing of a BP-231. Therefore, Petitioner is now exercising his right to file suit in this Court." (Mem. in Supp. of Pet. at 4.)

[3]    The Regional Director denied Yannucci's appeal on October 17, 2008. (Phillips Decl. ¶ 13, Att. 3.) The Central Office responds to appeals within forty days. 28 C.F.R. § 42.18. Therefore, Yannucci would have received the response to an immediate appeal by November 26, 2008.

[4]    The exhaustion requirement is not jurisdictional, allowing district courts to dismiss meritless claims. See Woodford, 548 U.S. at 101.

  (1)  the resources of the facility contemplated;
  (2)  the nature and circumstances of the offense;
  (3)  the history and characteristics of the prisoner;
  (4)  any statement by the court that imposed the sentence –
    (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B)  recommending a type of penal or correctional facility as appropriate; and
  (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b) (2009). 18 U.S.C. § 3624 allows the BOP to grant a federal inmate prerelease custody, which permits him to serve a portion of his federal sentence in home confinement or an RRC. Congress enacted the Second Chance Act in 2008, amending 18 U.S.C. § 3624(c) to read:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c) (effective Apr. 9, 2008). Five days after the effective date of the Second Chance Act, the BOP issued a Memorandum titled "Pre-Release Residential Re-Entry Center Placements Following the Second Chance At of 2007," which provided guidance to BOP personnel for implementing the Act. (Phillips Decl. ¶ , Att. 4.) The BOP regulations applying the provisions of 18 U.S.C. §§ 3621(b) and 3624(c) were later amended to conform to the Act. See 28 C.F.R. §§ 570.20 et seq. (effective Oct. 21, 2008). Therefore, Yannucci's claim that the BOP failed to promulgate rules instructing its personnel on how to implement the Second Chance Act is without merit.

  Not only were BOP personnel properly instructed in how to implement the Second Chance Act, they did so in determining Yannucci's RRC placement. The statutes, 18 U.S.C. §§ 3621(c) and

3624(b), grant the BOP sole discretion to transfer a prisoner to an RRC for a period not to exceed twelve months. In exercising this discretion, the BOP must in good faith consider the five factors enumerated in § 3621(b). See Miller v. Whitehead, 527 F.3d at 758, Wedelstedt v. Wiley, 477 F.3d 1160, 1168 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006); Woodall v. Fed'l Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005). The record shows the BOP considered the § 3621(b) factors as applied to the Yannucci. The factors were considered first by Yannucci's Unit Team, and then by the Community Corrections Office. These reviews comply with the requirements of the statute, and Yannucci has received the due process to which he is entitled. Yannucci's request that the Court order the BOP to "implement authorization of community corrections," and immediately reconsider his RRC placement, should be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be DENIED and DISMISSED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d). A party may respond to another party's objections within ten (10) days after

being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia

June 23, 2009

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Yannucci, #58038-054
FCC-Petersburg Low
P.O. Box 1000
Carolina Hall
Petersburg, VA 23804-1000


Joel E. Wilson, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

                                       Fernando Galindo, Clerk


                        By _____
                                  Deputy Clerk

                                   June    , 2009